UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FATEN ANWAR,<br><br>                Plaintiff,<br>   v.<br><br>ETSY INC.,<br><br>                Defendant. | CASE NO. 22-CV-01255-LK<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT |

This matter comes before the Court on Defendant Etsy Incorporated's Motion for Extension of Time to Respond to Plaintiff's Complaint. Dkt. No. 13. Plaintiff Faten Anwar opposes the motion. Dkt. No. 17. For the reasons discussed below, the Court grants the motion.

## I.    INTRODUCTION

Ms. Anwar is suing Etsy for fraud and violation of the "facilitator laws" and Washington Revised Code § 19.190.030. Dkt. No. 1 at 4.[1] She alleges that Etsy sent her "multiple emails about

---

[1] Ms. Anwar's complaint alleges that the Court has diversity jurisdiction over this suit. Dkt. No. 1 at 3. Although she claims that Etsy is incorporated and has its principal place of business in New York, she provides no information as to the amount in controversy. *Id.* at 4; *see* 28 U.S.C. § 1332(a)(1) (district courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different states). Ms. Anwar bears the burden of establishing that the Court has jurisdiction over

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT - 1

sales made in [her] shop . . . and made a statement about a refund [it] issued in [her] shop . . . without providing [her] with information or receipts of these transactions." *Id.* Ms. Anwar further claims that Etsy failed to provide "reports of gross Washington sales made on [her] behalf," as required by the "facilitator laws." *Id.* She seeks a court order compelling Etsy to provide her with monthly statements reflecting these sales figures. *Id.*

The parties agree that Etsy was properly served with Ms. Anwar's complaint on September 14, 2022, and that Etsy's response was due on October 5, 2022. Dkt. No. 13 at 1; Dkt. No. 17 at 1; *see* Fed. R. Civ. P. 12(a)(1)(A)(i). On September 27, 2022, Etsy's in-house counsel emailed Ms. Anwar about her complaint and asked to set up a phone call. Dkt. No. 15 at 4. He also called Ms. Anwar that day and the next to no avail. *Id.* at 1. On September 29th, Etsy's outside counsel emailed Ms. Anwar informing her that Etsy "ha[d] been trying to get in touch with [her]" and was "happy to provide the data" she was seeking, but "wanted to discuss" the matter further. Dkt. No. 14 at 5. Attached to this email was a spreadsheet containing information Etsy believed was responsive to Ms. Anwar's request. *Id.*; *see* Dkt. No. 17-1 at 4–6.

As particularly relevant here, counsel asked Ms. Anwar to "confirm as soon as possible that receipt of this spreadsheet resolve[d] [her] complaint" because Esty's deadline to respond was quickly approaching. Dkt. No. 14 at 5 ("[P]lease reach out to me by tomorrow (Friday) at 10 a.m. to confirm[.]" (emphasis omitted)). In the alternative, counsel requested that Ms. Anwar agree to a 30-day extension of the response deadline so that Etsy could "work on resolving the matter with [her]." *Id.* And last, counsel conveyed Etsy's intent to seek dismissal based on "lack of federal jurisdiction and the existence of a mandatory arbitration clause" if Ms. Anwar proceeded with her

---

her action, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and this includes showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006).

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT - 2

1  claim. *Id.* Ms. Anwar did not respond to this email. Nor did she answer counsel's call or return her

2  voicemail the following day. *Id.* at 1. On October 3rd, Etsy moved the Court to extend the response

3  deadline to November 4th. Dkt. No. 13 at 1.

## II.    DISCUSSION

5  Where, as here, the defendant moves for an extension of time to respond to the complaint

6  before the original 21-day deadline has passed, the Court may grant the extension for good cause.

7  *See* Fed. R. Civ. P. 6(b)(1)(A). The Court finds good cause here. Etsy repeatedly attempted to

8  contact Ms. Anwar in advance of the deadline to resolve the issue. It also provided her with

9  information responsive to her underlying request. In doing so, Etsy asked Ms. Anwar to indicate

10  whether the supplied information was sufficient to resolve her claim or, alternatively, whether she

11  would agree to an extension of the response deadline so that it could fulfill her request. Ms. Anwar

12  elected not to respond until Etsy filed its motion. She now argues that Etsy "ha[d] ample time to

13  prepare in the 21 days that the summons allowed" and complains that the information counsel

14  provided does not "represent the monthly reports of [Washington] sales that are duly [hers.]" Dkt.

15  No. 17 at 2. Although Etsy should have contacted Ms. Anwar earlier than September 27th, it "was

16  not unreasonable to attempt to resolve the matter through a stipulation[.]" *See Tr. of Summers Fam.*

17  *Tr. TA Neak Prods. v. Nat'l Distrib. Warehouse Inc.*, No. 2:21-CV-797-RSM-DWC, 2021 WL

18  4238258, at *1 (W.D. Wash. Aug. 12, 2021). Nor has Ms. Anwar demonstrated that she will be

19  prejudiced by a 30-day extension. *Id.*; *accord Slaughter v. Glebe*, No. C15-5484-BHS-JRC, 2017

20  WL 713766, at *2 (W.D. Wash. Feb. 21, 2017) ("[T]here is no indication that [plaintiff] will suffer

21  any form of prejudice from the extension.").[2] The parties are reminded that they are expected to

22

23  ---

[2] Local Civil Rule 7(j) cautions that, "whenever possible," a motion for relief from a deadline should be filed "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." It likewise instructs that parties "should not assume that the motion will be granted and must comply with the existing deadline

24  unless the court orders otherwise." *Id.* Etsy violated both directives. The Court realizes that Ms. Anwar was unreceptive to Esty's communications, but it should have accounted for the possibility of such delay. Etsy instead

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT - 3

1  confer in good faith at all stages of the litigation. *See* LCR 83.1 (the court expects "a high degree

2  of professionalism and civility" from those practicing before it); *United States v. Flewitt*, 874 F.2d

3  669, 675 (9th Cir. 1989) (a party proceeding pro se "is subject to the same good faith limitations

4  imposed on lawyers, as officers of the court.").

5                                    **III.    CONCLUSION**

6          The Court GRANTS Etsy's motion. Dkt. No. 13. Etsy shall answer Ms. Anwar's complaint

7  or file a motion to dismiss no later than November 4, 2022. The Clerk is directed to send uncertified

8  copies of this Order to Ms. Anwar at her last known address.

9          Dated this 14th day of October, 2022.

10

11                                                      Lauren King
                                                        United States District Judge

12

13

14

15

16

17

18

19

20

21  _____

22  waited until nine days prior to the deadline—two weeks after it was served with the complaint—to contact Ms. Anwar.
    And it did not file its motion until two days before the deadline. Etsy also failed to file an answer or other responsive
    pleading on the October 5th deadline. Again, parties are not to assume that the Court will grant an extension and "must
    comply with the existing deadline unless the court orders otherwise." LCR 7(j); *accord Edmonds v. Amazon.com, Inc.*,
23  No. C19-1613-JLR, 2020 WL 8996835, at *2 (W.D. Wash. Mar. 6, 2020) ("[P]arties must comply with existing
    deadlines pending a motion for relief."). In the future, the Court expects strict compliance with the Local Civil Rules,
24  the Federal Rules of Civil Procedure, and the Court's Standing Order for All Civil Cases. *See* Dkt. No. 10.

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT - 4