1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FATEN ANWAR,

                    Plaintiff,

     v.

ETSY INC.,

                    Defendant.

CASE NO. 22-CV-01255-LK

ORDER DENYING PENDING
MOTIONS AND DIRECTING
PLAINTIFF TO SHOW CAUSE

This matter comes before the Court sua sponte. District courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3) (the district court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction"). For the reasons discussed below, Plaintiff Faten Anwar fails to establish that the Court has subject matter jurisdiction over

her claims. She must therefore show cause why this case should not be dismissed. The Court also takes this opportunity to address several pending motions. *See* Dkt. Nos. 23–24, 26, 31.

## I.     BACKGROUND

Ms. Anwar filed an amended complaint on the heels of Defendant Etsy Incorporated's motion to dismiss. Dkt. Nos. 24, 30; *see* Fed. R. Civ. P. 15(a)(1)(B). This time she alleges that Etsy violated Section 82.08.0531 of the Revised Code of Washington "by withholding information vital to [her] business record keeping and tax-filing." Dkt. No. 30 at 3. More specifically, Ms. Anwar claims that Etsy failed to provide "monthly reports of gross [Washington] State transactions by the . . . 15th of the following month for all the months during which [her] account remained open." *Id.* She also asserts that Etsy violated the Federal Trade Commission Act (the "FTCA"). *Id.* at 2; *see* 15 U.S.C. § 45. According to Ms. Anwar, Etsy "made contradictory statements about the date of account closure, which constitutes fraudulent and deceptive business practices[.]" Dkt. No. 30 at 2. Moreover, Etsy allegedly "created a supplier component to effectuate invoicing in [Ms. Anwar's] account without [her] knowledge or permission," an act that likewise "constitutes [a] fraudulent and deceptive business practice[.]" *Id.* Ms. Anwar asks the Court to (1) enjoin Etsy from "conducting any activities in [her] account"; (2) order Etsy to close the account "if it is still open"; (3) order Etsy to provide her "with a monthly list of gross Washington State [s]ales and tax submitted to the Department of [R]evenue for each and every month [her] account remained open"; and (4) award her $100,000 in punitive damages. *Id.* at 4.

## II.     DISCUSSION

The Court first explains why it lacks subject matter jurisdiction over this case. It then dispenses with several pending motions.

1    **A.      Ms. Anwar Fails to Establish Subject Matter Jurisdiction**

2            Federal courts are courts of limited jurisdiction, and they "possess only that power

3    authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

4    377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A.,*

5    *Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The typical bases for federal jurisdiction are

6    established where (1) the complaint presents a federal question "arising under the Constitution,

7    laws, or treaties of the United States" or (2) where the parties are diverse (e.g., residents of different

8    states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The party

9    asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*,

10   600 F.3d 1152, 1157 (9th Cir. 2010). Here, Ms. Anwar's amended complaint fails to do so.

11           The Court lacks federal question jurisdiction over this case. Although Ms. Anwar alleges

12   that Etsy committed fraudulent and deceptive business practices in violation of 15 U.S.C. § 45,

13   this claim fails "because there is no private right of action under the 'unfair or deceptive acts or

14   practices' section of the FTCA." *Williams v. Nat'l Football League*, No. C14-1089-MJP, 2014

15   WL 5514378, at *4 (W.D. Wash. Oct. 31, 2014); *see Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th

16   Cir. 1981) (noting that "private litigants may not invoke the jurisdiction of the federal district

17   courts" by alleging unfair business practices because the FTCA "rests initial remedial power solely

18   in the Federal Trade Commission").

19           Nor does the Court have diversity jurisdiction. As noted above, federal courts provide a

20   "neutral forum" for adjudicating civil actions between citizens of different states. *Exxon Mobil*

21   *Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005). However, "[t]o ensure that diversity

22   jurisdiction does not flood the federal courts with minor disputes," Congress imposed a minimum

23   requirement on diverse litigants who wish to utilize that neutral forum: the amount in controversy

24   must exceed $75,000. *Id.*; *see* 28 U.S.C. § 1332(a). Here, Ms. Anwar seeks $100,000 in punitive

damages. Dkt. No. 30 at 4. "In a diversity case originally filed in federal court, the sum claimed in the complaint controls if the claim is apparently made in good faith. It must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *Maine Cmty. Health Options v. Albertsons Companies, Inc.*, 993 F.3d 720, 723 (9th Cir. 2021) (cleaned up). The "legal certainty" standard, phrased differently, permits a district court to dismiss the case for lack of jurisdiction if it is obvious on the face of the complaint that the suit cannot involve the necessary amount. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

That is the case here. For starters, regardless of the merits of Ms. Anwar's assertions under Section 82.08.0531 of the Revised Code of Washington, she seeks punitive damages—a remedy the statute does not provide. *See Dailey v. N. Coast Life Ins. Co.*, 919 P.2d 589, 590 (Wash. 1996) (observing that Washington courts have "consistently disapproved punitive damages as contrary to public policy," and citing the "long-standing rule prohibiting punitive damages without express legislative authorization.").

Nor does Ms. Anwar's request for nonmonetary relief satisfy the amount-in-controversy requirement. "When a complaint seeks nonmonetary relief, 'the amount in controversy is measured by the value of the object of the litigation.'" *Maine Cmty. Health*, 993 F.3d at 723 (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). To recap, Ms. Anwar seeks to enjoin Etsy from "conducting activities in her account" and wishes to close her account if it is still open. Dkt. No. 30 at 4. She also asks the Court for an order compelling Etsy to provide "a monthly list of gross Washington State [s]ales and tax submitted to the Department of [R]evenue for each and every month [her] account remained open[.]" *Id.* It is obvious from the face of the amended complaint that the object of this litigation does not exceed $75,000 in value. The Court acknowledges that this dispute is important to Ms. Anwar. And there are no "small" cases in that

sense. However, she fails to articulate how enjoining Etsy from "conducting activities" in her account and closing that account (assuming it is not already closed) is worth more than $75,000 (or even a fraction of that amount). Ms. Anwar similarly does not quantify the value of the sought-after monthly gross sales information or otherwise explain how obtaining that information would result in a perceptible contribution towards the statutory minimum amount necessary to invoke the Court's diversity jurisdiction.

**B.      Other Pending Motions**

The Court denies as moot Etsy's motion to dismiss in light of Ms. Anwar's amended complaint. Dkt. No. 24; *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]n amended pleading supersedes the original pleading."). Etsy's motion to stay discovery pending resolution of the motion to dismiss is therefore also denied as moot. Dkt. No. 26. But this does not mean that Ms. Anwar is entitled to discovery.

Because Ms. Anwar must show cause why this case should not be dismissed for lack of subject-matter jurisdiction, the Court again finds good cause to defer entry of a case schedule. *See* Fed. R. Civ. P. 16(b)(2) (a district court may defer entering a scheduling order for good cause); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."). Ms. Anwar's "efforts to conduct a Rule 26(f) conference, and thereby pursue discovery, are [therefore] premature." *Zavala v. Kruse-W., Inc.*, No. 1:19-CV-00239-DAD-SKO, 2019 WL 3219254, at *3 (E.D. Cal. July 17, 2019); *see also* Fed. R. Civ. P. 26(d)(1) (absent a court order or other circumstances not present here, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Nor has Ms. Anwar provided the good cause necessary to force Etsy's participation in a premature conference. *See Zavala*, 2019 WL 3219254, at *2 (requiring good

cause to compel a premature Rule 26(f) conference); Dkt. No. 23 at 1–2, 5–6 (summarizing the discovery sought and alleging that Etsy has halted Ms. Anwar's "endeavor to find out the truth," is "unilaterally delaying . . . the required discovery conference," and is flouting Rule 26(f)'s requirement that the parties "confer as soon as practicable"). Indeed, it would be impractical and a waste of the parties' resources to conduct discovery at this stage because, as things currently stand, the Court lacks subject matter jurisdiction. Ms. Anwar's motion for reconsideration is therefore denied, Dkt. No. 31, as is her motion to compel Etsy's participation in a Rule 26(f) discovery conference, Dkt. No. 23.

### III.    CONCLUSION

Ms. Anwar must, within 20 days of this Order, show cause why the Court should not dismiss this action for lack of subject matter jurisdiction. If she does not file a timely response establishing subject matter jurisdiction, the Court will dismiss her amended complaint without prejudice.

The Court DENIES as moot Etsy's Motion to Dismiss and Motion to Stay Discovery. Dkt. Nos. 24, 26. It further DENIES Ms. Anwar's Motion for Reconsideration and Motion to Compel Scheduling a Discovery Conference Pursuant to Fed. R. Civ. P. 26(f). Dkt Nos. 23, 31.

Dated this 21st day of November, 2022.

Lauren King
United States District Judge