UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FATEN ANWAR,<br><br>                 Plaintiff,<br><br>    v.<br><br>ETSY INC.,<br><br>                 Defendant. | CASE NO. 22-CV-01255-LK<br><br>ORDER DISMISSING AMENDED COMPLAINT |

On November 21, 2022, the Court ordered Plaintiff Faten Anwar to show cause why her amended complaint should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 34 at 1–2. Ms. Anwar timely responded to the Court's order. Dkt. No. 35. She maintains that the amount in controversy is met for purposes of diversity jurisdiction.[1] Specifically, Ms. Anwar argues that "the right to operate her business free from wrongful interference by [Etsy] . . . well exceeds the amount of punitive damages [she] is asking for especially considering the vast art collection that

---

[1] Ms. Anwar does not appear to seriously contest the Court's lack of federal question jurisdiction. She briefly argues that Etsy engaged in unfair and deceptive business practices in violation of 15 U.S.C. § 45. Dkt. No. 35 at 7–9. As the Court previously explained, however, Section 45 of the Federal Trade Commission Act does not create a private right of action. Dkt. No. 34 at 3.

ORDER DISMISSING AMENDED COMPLAINT - 1

[she] owns and sells[.]" *Id.* at 4; *see also id.* at 7 ("In this case, the object of litigation is Plaintiff's business and its being both threatened and hampered by the deceptive and unfair business practices of [Etsy.]"). Ms. Anwar otherwise suggests that punitive damages are warranted here because Etsy's conduct evinces "intentional wrongdoing." *See* Dkt. No. 35 at 10.

But framing the issues in this case in such general terms elides the precise nature of the nonmonetary remedies Ms. Anwar seeks in her amended complaint: an order (1) enjoining Etsy from conducting any activities in her account; (2) directing Etsy to close her account if it is still open; and (3) directing Etsy to provide her with "a monthly list of gross Washington State Sales and tax . . . for each and every month [her] account remained open[.]" Dkt. No. 30 at 4. Ms. Anwar again fails to articulate how that relief, although important to her, can be objectively quantified at a value exceeding $75,000. *See* Dkt. No. 34 at 5. Nor does she plausibly allege that Etsy's interference with her business, even if true, amounts to more than $75,000 in damage. And although Ms. Anwar's complaint seeks $100,000 in punitive damages under Section 82.08.0531 of the Revised Code of Washington, *id.* at 4, that statute does not provide for punitive damages. *See generally* Wash. Rev. Code. § 82.08; *Dailey v. N. Coast Life Ins. Co.*, 919 P.2d 589, 590 (Wash. 1996) (en banc) (the Washington State Supreme Court follows a "long-standing rule prohibiting punitive damages without express legislative authorization").

The Court lacks diversity jurisdiction because Ms. Anwar has failed to establish that the amount in controversy exceeds $75,000. Dkt. No. 34 at 3–5. The Court accordingly DISMISSES Ms. Anwar's amended complaint without prejudice.

Dated this 9th day of December, 2022.

*Lauren King*
Lauren King
United States District Judge